**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN CAHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-59 CAS |
| ) | |
| ST. LOUIS COUNTY JUSTICE ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kevin Cahill (registration no. 64407), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. The motion will be granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)

Under 28 U.S.C. § 1915(b)(1), a prisoner is normally required to pay the full amount of the filing fee in installments. However, § 1915(b)(4) states, "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

Plaintiff has submitted to the Court a state court order freezing his inmate funds. The prosecutor requested the stay because it is believed that the funds were obtained illegally. As a result, plaintiff does not have access to any of the funds in his account and cannot pay an initial partial filing fee at this time. The Court will therefore waive the filing fee.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged false imprisonment and failure to protect.  Named as defendants are the St. Louis County Justice Center (the "County Justice Center"), Brian Herschbay (Records, the County Justice Center), Unknown Sanchez (Caseworker, the County Justice Center), the St. Louis City Justice Center (the "City Justice Center"), and John Doe correctional officers for the City Justice Center (sued as "Officers on Duty").

The complaint concerns the calculation of plaintiff's state and federal sentences.  On November 5, 2009, plaintiff pled guilty to receiving stolen property.  State v. Cahill, No. 08SL-00813-01 (22nd Judicial Cir.).  The state court sentenced plaintiff to twelve months' imprisonment, to run concurrent to two other prison sentences.

Plaintiff was convicted of burglary and stealing in two state cases filed in 2009, State v. Cahill, No. 09SL-CR07618-01 (22nd Judicial Cir.), and State v. Cahill, No. 09SL-CR08271-01

(22nd Judicial Cir.). On March 12, 2010, the state court sentenced plaintiff to 120 days shock time in both cases.

On August 6, 2009, plaintiff was indicted in this Court on counts of possession with intent to distribute a controlled substance, possession of a weapon in furtherance of a drug trafficking crime, and felon in possession of a firearm. United States v. Cahill, 4:09-CR-497 HEA (E.D. Mo.). Plaintiff pled guilty on two counts of the superseding indictment. On November 10, 2011, the Court sentenced plaintiff to 72 months' imprisonment to be followed by 2 years of supervised release.

On April 15, 2010, a complaint was filed against plaintiff for theft/stealing. State v. Cahill, No. 10SL-CR02928-01 (22nd Judicial Cir.). A warrant was issued that same day, and the court set plaintiff's bond at $7,500. The state court's records reflect that the warrant was served on plaintiff on April 28, 2010. That case is currently pending, and the court has scheduled a pretrial conference for February 17, 2012.

Plaintiff alleges that his sentences from St. Louis County were completed on March 16, 2010. Plaintiff says that he was not released, however, but was taken into custody by the United States Marshals Service due to the existence of a federal warrant. This Court's records show that plaintiff was brought before the Court for his initial appearance on March 16, 2010, and on March 18, 2010, the Court ordered that plaintiff be detained pending his trial.

Plaintiff claims he was returned to the County Justice Center where, sometime later, he learned that he was not there as a federal prisoner but was still completing his state court sentences. Plaintiff asserts that defendant Sanchez told him that his 120-day shock time had restarted on March 12, 2010, and that he had a release date of July 9, 2010.

3

Plaintiff alleges that the clock was restarted on his shock time so that the prosecutor would have time to file the 2010 charges against him and so that the court would have time to issue a warrant.

Plaintiff says that after his shock time ended he remained detained at the County Justice Center pending the outcome of the 2010 case.  Plaintiff asserts that because he has been in state rather than federal custody he has lost out on between twenty and twenty-seven months of time credit towards his federal sentence.  This forms the basis for plaintiff's claim that he has been falsely imprisoned.

Plaintiff's claims against the City Justice Center and the John Doe defendants are completely unrelated to the claims against the County defendants.  Plaintiff alleges that while he was detained at the City Justice Center, the John Doe defendants allowed other prisoners into his cell to assault him.

## Discussion

Plaintiff's claims against the County Justice Center and the City Justice Center are legally frivolous because these defendants are not suable entities.  Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

The complaint is silent as to whether the other defendants, Herschbay, Sanchez and the John Does, are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."  Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government

4

official in his or her official capacity is the equivalent of naming the government entity that employs the official.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted as to the individually named defendants.

      Finally, Rule 20(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to join defendants where the rights asserted against them arose from the same series of transactions or occurrences, or when any question of law or fact is common among the defendants.  In this action, plaintiff's claims against the City Justice Center and the John Doe defendants are wholly unrelated to those against the County defendants.  As a result, these claims are not properly joined and should be dismissed for this reason as well.

      Accordingly,

      **IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [Doc. 2]

      **IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

                                                                                **CHARLES A. SHAW**
                                                                                 **UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of February, 2012.